**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.                                              CASE NO: 6:20-cr-106-WWB-DCI

MATTHEW ZACHARIAH HUMPHREY
_____/

**ORDER**

THIS CAUSE is before the Court on the Government's Opposed Motion to Reconsider Issuance of Writ (Doc. 102). Defendant has not filed a written response in opposition thereto.

On November 4, 2021, this Court granted Defendant's unopposed Motion for Relief (Doc. 98) and issued a writ for the United States Marshals to take Defendant into custody for designation by the Federal Bureau of Prisons. (Doc. 101 at 2). On November 15, 2021, the Government, for the first time, argued that this Court lacked the authority to issue the writ under 28 U.S.C. § 2241(c) and Eleventh Circuit case law. Specifically, the Government argues that the United States obtained only temporary custody over Defendant pursuant to a writ of habeas corpus *ad prosequendum* and that the State of Florida retained primary custody over Defendant until its proceedings against him, including the service of his State Court sentence, have completed and he has been released from State custody.

"The first sovereign (either the United States o[r] Florida) to arrest has primary jurisdiction over a defendant for trial, sentencing, and incarceration." *United States v. Ellwood*, No. 8:03-cr-288-T-23MAP, 2013 WL 12338616, at *1 (M.D. Fla. Jan. 29, 2013); *see also Butler v. Warden, FCC Coleman-Medium*, 451 F. App'x 811, 812 (11th Cir.

2011). Here, there is no question that the State of Florida holds primary jurisdiction over Defendant until its proceedings have been completed. Although the State Court ordered that Defendant's sentence be concurrent and coterminous to his federal sentence, it does not appear that this suffices to relinquish the State's jurisdiction over Defendant. *See Davis v. Coleman-Medium*, 666 F. App'x 802, 804 (11th Cir. 2016). Defendant has not directed this Court to any contrary authority.

Although the Government's opposition could and should have been brought before this Court sooner, having carefully reviewed the authority set forth in the Government's Motion, it appears that clear error was committed. Therefore, it is **ORDERED** that the Government's Opposed Motion to Reconsider Issuance of Writ (Doc. 102) is **GRANTED** and the November 4, 2021 Order (Doc. 101) is **VACATED**. Defendant Matthew Humphrey shall be returned to the custody of the State of Florida as soon as practicable for service of his State sentence.

**DONE AND ORDERED** in Orlando, Florida on January 5, 2022.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record